IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11 CR 10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs.   ) | ORDER |
| ) | |
| JAMES W. "BILL" BAILEY, JR., ) | |
| ) | |
| Defendant.   ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a violation report (#340) filed in the above entitled matter on March 8, 2012 by the United States Probation Office. In the violation report, the United States Probation Office alleges the defendant has violated terms and conditions of his pretrial and presentence release. At the call of this matter on for hearing, it appeared defendant was present with his counsel, Ronald Payne, and the government was present through Assistant United States Attorney Corey Ellis. From the evidence offered and from the statements of the Assistant United States Attorney, the attorney for the defendant, and the records in this cause, the undersigned makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report (#340). The government introduced without objection the violation report into evidence.

Defendant was charged in a bill of information (#1) filed on February 1, 2011

with the following: Count One, securities fraud; Count Two, mail fraud; and, Count Three, filing false tax returns. The undersigned entered an order (#8) & (#9) at the time of the initial appearance of defendant setting terms and conditions of pretrial release on February 4, 2011. On February 8, 2011 the government filed a motion (#10) requesting that defendant be detained alleging in the motion that defendant had violated terms and conditions of his pretrial release. At a hearing on February 8, 2011 the undersigned denied the government's motion but amended the terms and conditions of pretrial release of defendant (#11). In the amended terms of pretrial release the undersigned ordered defendant: "Do not enter into any financial transactions amounting in more than $500". On May 24, 2011, Mr. Payne, on behalf of defendant, filed a motion (#202) to modify the terms and conditions of pretrial release to allow defendant to reside with his spouse. In an order entered on May 27, 2011 the undersigned allowed the motion of defendant and entered another order (#203) setting terms and conditions of pretrial release. In the amended order the undersigned directed as a condition of release:

> (8)(y) No employment w/payment of funds or cash. Do not enter into any financial transactions concerning any transaction listed on the Bill of Information. Do not enter into any financial transactions amounting in more than $500.

In the violation report it is alleged that defendant violated the condition of bond which states, "Do not enter into any financial transaction amounting in more than $500". It was alleged in the violation report that defendant had violated this condition by giving his wife the sum of $3,000 for her to purchase a dwelling. At the call of this matter, defendant admitted the allegation contained in the violation report.

The basis for the undersigned's Order setting a condition of release that defendant not be involved in financial transactions involving $500 was based upon the allegations contained in the bill of information and further documents filed in this matter. Defendant is alleged to have operated a scheme whereby defendant had operated a "Ponzi" scheme and in doing so had defrauded investors in his businesses of more than $13,000,000.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1)  finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)  finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the clear and convincing evidence that has been presented, it has been shown that defendant violated the condition of release which directed that he was not to enter into any financial transactions amounting in more than $500. The defendant provided his wife with the sum of $3,000 which she was to apply to the purchase of a dwelling. In doing so, defendant clearly violated the terms and conditions of pretrial release in this matter. The undersigned told defendant, not only orally, but on two occasions, <u>in writing</u>, about that term and condition of release. Despite being told by the court not to enter into any transactions over $500, defendant willfully and deliberately chose to do so.

The undersigned has considered the factors as set forth in 18 U.S.C. § 3142(g). After considering those conditions, the undersigned finds there is no combination of conditions of release of defendant that would not pose a danger to the safety of any other person or the community. The economic harm to the community is a danger that is cognizable under the Bail Reform Act. <u>United States vs. Madoff</u>, 586 F.Supp. 2d

240 (SDNY, 2009) and United States vs. Reynolds, 956 F.2v 192 (9th Cir., 1992) The past actions of defendant have created a serious harm to the financial community in the Western District of North Carolina. For the defendant to continue to be involved in financial transactions despite the written cautions and directions of this court not to do so creates a risk of harm or danger to any other person or the community.

The undersigned further finds that the defendant is unlikely to abide by any condition or combination of conditions of release. As stated above, the undersigned, on two occasions, directed defendant in writing not to be involved in financial transactions in an amount in excess of $500. The defendant chose to ignore that condition and to intentionally involve himself in violating the condition.

As a result of the above referenced findings the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending sentencing and further proceedings in this matter.

Signed: March 23, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge