# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| JAMES W. "BILL" BAILEY, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petition to Review Exhibits in Document No. 327 [Doc. 333] and the Motion for Modification of Protective Order [Doc. 343] filed by Phyllis Rae Bridges, Carroll C. Bridges, Linnea J. Dallman, Jeffrey D. Efird, Melissa Efird, Jennifer F. George, Pamela J. Hawes, Jane S. Jones, Queen C. Miller, Patricia Ream, Richard Ream, Terry R. Sloan, Douglas Watkins, Jeanne West Watkins, David West, Mary West, and Leslie A. Whittington.

## I. PROCEDURAL BACKGROUND

In February 2011, the Defendant pled guilty to one count each of securities fraud, mail fraud, and filing false tax returns. [Docs. 1, 3]. In connection with that plea, the Defendant admitted the allegations contained in a related Notice of Forfeiture, which sought the criminal forfeiture of all

property constituting or derived from proceeds traceable to the offenses to which he pled guilty. The Defendant agreed to forfeit to the Government all property listed in the Consent Order of Forfeiture ("Consent Order"), which this Court accepted and entered on February 16, 2011. [Doc. 16]. The Consent Order allowed third-party claimants to submit petitions to establish their interest in property subject to the preliminary order of forfeiture.

Pursuant to that Consent Order, on April 1, 2011, HomeTrust Bank ("HomeTrust") filed a Verified Statement of Interest and Petition for Hearing [Doc. 122], asserting its claim to property identified in the Consent Order. Various other Claimants likewise have submitted claims to certain of the property subject to forfeiture. In order to establish their claims in the forfeiture proceeding, the Claimants sought and were granted access to certain confidential financial records and related documents ("Confidential Materials").

In order to ensure that the Confidential Materials were not improperly disclosed, on June 10, 2011, the Court entered a Protective Order that provides, among other things, for the confidential treatment of "financial records, including but not limited to copies of bank statements, checks, wire transfers, and documents related to such statements, checks, and wire transfers." [Doc. 228 at ¶ 9]. The Protective Order expressly limits disclosure

of any confidential material, including the aforementioned financial documents, to parties to the ancillary forfeiture proceeding, their counsel, and those assisting in the conduct of the litigation (and to certain others upon execution of an agreement to be bound by the Protective Order). [Id. at ¶ 4]. It likewise directs that confidential materials disclosed pursuant to the Protective Order can be "used by the person receiving such information solely . . . in connection with [the forfeiture] action." [Id. at ¶ 2]. Following entry of the Protective Order, electronic copies of the Confidential Materials were distributed by the Government to all of the Claimants in the ancillary proceeding.

The present motions were filed by a number of individuals ("the Movants") who have filed suit in the Superior Court for Buncombe County, North Carolina, against Home Trust Bank and Morgan Stanley Smith Barney, seeking damages for their losses arising from the Defendant's Ponzi scheme. Three of the Movants -- Jeffrey D. Efird, Melissa P. Efird, and Terry R. Sloan -- are also Claimants in the ancillary forfeiture proceedings before this Court. The Movants move the Court to modify the Protective Order [Doc. 228] previously entered in this matter to allow their counsel access to the documents produced in this case by the Government and to Document No.

327, which contains exhibits from the Sage Petitioners' hearing conducted on December 12, 2011. [Doc. 333]. The Movants further request that the Protective Order be modified to allow them to disclose such documents to their accountant, who will be conducting an expert forensic analysis on their behalf. [Doc. 343]. While the Government does not oppose the Movants' request, Petitioner HomeTrust Bank has filed a Response in opposition to the Movants' motions. [Doc. 355].

Having been fully briefed, these matters are now ripe for disposition.

## III. ANALYSIS

"Courts have the inherent power to modify protective orders, including protective orders arising from a stipulation by the parties." SmithKline Beecham Corp. v. Synthon Pharms., Ltd., 210 F.R.D. 163, 166 (M.D.N.C. 2002). In considering whether to modify a protective order, the Court should consider "the reason and purpose for a modification, whether a party has alternative means available to acquire the information, the type of protective order which is at issue, and the type of materials or documents which are sought." Id.

Fourteen of the Movants have not filed a claim in the ancillary forfeiture proceeding. Absent timely filing of a verified claim, these Movants are not

proper parties to the ancillary proceeding, see Fed. R. Crim. P. 32.2(c)(1); 21 U.S.C. § 853(n), and therefore lack standing to seek a modification of the Protective Order in this case.

The three other Movants -- Jeffrey Efird, Melissa Efird, and Terry Sloan -- all had claims pending in the ancillary proceeding at the time that the Government provided the Confidential Materials to the Claimants. [Docs. 46, 119, 120]. These parties should have already received copies of the materials sought in the Motion to Review Exhibits in Document No. 327 [Doc. 333]. As such, there is no need to modify the Protective Order to provide them with access to materials which they have already received.

As for the request to modify the Protective Order so as to allow the use of the Confidential Materials in a related state proceeding, the Movants bear the burden of showing good cause for modifying the Protective Order. SmithKline Beecham, 210 F.R.D. at 166. "Even when a legitimate reason for the modification is proposed, such as a need to use the information in other litigation, the movant still should show the inability to reasonably obtain the information by alternative means." Id. Here, the Movants have failed to show that they are unable to obtain the requested information through other reasonable means. The Movants have only recently filed their action in state

court, and discovery has not commenced in that action.[1] "[A]lternative means of obtaining the information should be sought prior to attempting to modify a protective order entered in another case . . . . [P]rudential concerns convince the Court that a motion to modify a protective order in order to use material in other litigation should, in most cases, be the last resort of a party, not the first." Id. at 167, 169.

For all these reasons, the Court denies the Movants' motions for modification of the Protective Order.

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petition to Review Exhibits in Document No. 327 [Doc. 333] and the Motion for Modification of Protective Order [Doc. 343] are both **DENIED**.

---

[1] The Movants point out that the Court previously allowed a modification of the Protective Order to allow two other claimants to use confidential financial documents produced by the Government in this forfeiture proceeding in a state court action. [See Doc. 302]. In that case, however, the complaint and answers had been filed and served, the discovery process had begun, the parties agreed that the Confidential Materials were discoverable under the governing civil rules, and a parallel protective order had been entered in the state court litigation to ensure confidential treatment of the materials in both courts. [See Doc. 355 at 8 n.7]. By contrast, the pleadings in the present case indicate that the Movants' complaint has not been served, no answer has been filed, the Movants have yet to make any discovery request, no protective order has been put in place by the state court, and neither the parties nor the state court have evaluated the relevance or discoverability of the Confidential Materials to the issues in that case.

**IT IS SO ORDERED**.

Signed: April 17, 2012

Martin Reidinger
United States District Judge