**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:11cr10**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JAMES W. "BILL" BAILEY, JR.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioners' "Motion in the Cause" [Doc. 562].

**I.      PROCEDURAL BACKGROUND**

On February 16, 2011, after the Defendant had entered into a Plea Agreement [Doc. 3] with the Government, this Court accepted the Defendant's plea of guilty to the charges set forth in the Bill of Information [Doc. 1]. Simultaneously with entering and accepting the plea of guilty, this Court entered a Consent Order and Judgment of Forfeiture ("Consent Order of Forfeiture") [Doc. 16]. The Consent Order of Forfeiture was separate from the Plea Agreement and was signed by the Defendant, his counsel, and counsel for the Government. The Consent Order of Forfeiture contained stipulations

and agreements, and was explicitly based on the "plea of guilt" as opposed to the Plea Agreement itself.

Following entry of the Consent Order of Forfeiture and over the course of a year and-a-half, forfeiture proceedings have been and continue to be conducted, resulting in over 500 pleadings, liquidation of properties, multiple hearings, and numerous orders of this Court adjudicating rights on contested issues and adjudicating settlements. In June of 2012, recognizing that an error had been made in the manner in which the parties had expressed their agreement regarding the application of certain sentencing enhancements to the Defendant's term of imprisonment, the Government and the Defendant entered into a "Corrected Plea Agreement" [Doc. 556] for the sole purpose of correcting the error. [Transcript of Plea and Rule 11 Hearing, Doc. 568-1 at 2-4, 29, 35]. While the Defendant did not request a new Rule 11 hearing or move to withdraw his plea of guilty, the Magistrate Judge, out of an abundance of caution, conducted another Rule 11 inquiry with respect to the Corrected Plea Agreement and again accepted the Defendant's plea of guilty.

The Corrected Plea Agreement specifically provides, in pertinent part, that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea

Agreement or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." [Corrected Plea Agreement, Doc. 556 at ¶ 27].

Petitioners Peter Contrastano, Beverly Daggett, Russell Daggett, William Ghormley, Victor Howard, James (Pete) Lucas, Michael J. Mehaffey, John C. Myers, William Ellis Peacock, Keith Pope, Becky Pope, Kenneth Talley, and Glenn Warren, on behalf of themselves and their real estate IRA LLCs and individual retirement accounts, now move the Court to declare the Consent Order of Forfeiture abrogated by the approval of the Defendant's Corrected Plea Agreement and to order the Government to affect return of the assets seized pursuant to such Order. [Doc. 562]. The Government opposes the Petitioners' Motion. [Doc. 568].

## II.    DISCUSSION

In support of their Motion, the Petitioners argue that the filing of the Corrected Plea Agreement by the parties, and the acceptance thereof by the Court, essentially abrogated the previously entered Consent Order of Forfeiture. The gist of the Petitioners' argument is that the Corrected Plea Agreement completely replaced and restated the agreement between the Defendant and the Government. Therefore, so the argument goes, the

original plea agreement is now a nullity. Because the Consent Order of Forfeiture was based on that original plea agreement, the Petitioners argue, the fact that the original plea agreement is now a nullity renders the Consent Order of Forfeiture a nullity as well.

The Petitioners' argument, however, is not supported by the record or the law. The condition precedent to the entry of a forfeiture order is a "finding of guilty, or . . . a plea of guilty." Fed. R. Crim. P. 32.2(b)(1). It is, therefore, the Defendant's plea to the charges set forth in the Bill of Information that supports the Consent Order of Forfeiture. The Bill of Information was never superseded or amended. The Defendant never changed his plea. In submitting a Corrected Plea Agreement to the Court, the parties simply clarified the applicability of certain sentencing enhancements. This did not abrogate the Defendant's original plea. Just because the Defendant has had two Rule 11 hearings does not mean that the first one has been rendered invalid. Hence, the Consent Order of Forfeiture based on the plea has not been abrogated either.

The Petitioners contend that the integration clause in the Corrected Plea Agreement precludes the enforcement of any prior agreements the parties had with respect to forfeiture, including the Consent Order of Forfeiture. The

Petitioners' argument, however, ignores the fact that the Consent Order was an *order* entered by the Court upon agreement of the parties. That the Corrected Plea Agreement may abrogate all of the parties' prior *agreements* has no effect on the validity of an *order* entered by this Court.

## III.   CONCLUSION

In sum, the Petitioners fail to cite any legal basis for abrogation of the Consent Order of Forfeiture based simply on a correction of an error regarding potential sentencing enhancements in the Plea Agreement.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petitioners' "Motion in the Cause" [Doc. 562] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 19, 2012

Martin Reidinger
United States District Judge